# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. ED CR 19-00147-FMO |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER RE: MOTION TO DISMISS INFORMATION** |
| OSCAR ADOLFO LOPEZ-MACIAS, | ) | |
| Defendant. | ) | |

Oscar Adolfo Lopez-Macias ("defendant") is charged in a single count Information with illegal reentry in violation of 8 U.S.C. § 1326. (Dkt. 22, Information). Defendant filed the instant Motion to Dismiss ("Motion"), arguing that: (1) the underlying removal order was invalid because the immigration judge ("IJ") did not have jurisdiction to issue the order; and (2) the process underlying the removal proceeding was fundamentally unfair. (See Dkt. 41, Motion at 1-2). Having reviewed and considered all the briefing filed with respect to defendant's Motion, the court finds that oral argument is not necessary to resolve the Motion, Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

## BACKGROUND

The facts relevant to this Motion are not in dispute. Defendant entered the United States on January 5, 2001, on a nonimmigrant B2 visitor visa and stayed beyond the time allowed. (See Dkt. 41, Motion at 19; Dkt. 41-2, Exh. 1, Notice to Appear ("NTA") at ECF 248; id., Exh. 3, Transcript of Defendant's Removal Hearing ("Tr.") at ECF 252-53). On October 4, 2011,

defendant applied for a U-Visa. (Id., Exh. 5, U-Visa Application at ECF 258-68; Dkt. 41, Motion at 3). On May 23, 2012, the United States Citizenship and Immigration Services ("USCIS") requested additional information from defendant regarding his U-Visa Application. (Id., Exh. 8, Notice of Action from USCIS at ECF 278-79).

On September 4, 2012, defendant was convicted of conspiracy to distribute methamphetamine and sentenced to 58 months in custody. (Dkt. 41-2, Exh. 1, NTA at ECF 248; Dkt. 1, Criminal Complaint, Affidavit at 3). On October 4, 2012, the USCIS denied defendant's U-Visa Application for failure to respond to a Notice of Action, (Dkt. 41-2, Exh. 9, USCIS Denial Letter at ECF 281-82); defendant claims he failed to respond because he was in custody at the time. (See Dkt. 41, Motion at 4).

On February 2, 2016, while defendant was in federal custody in South Carolina, he was served with an NTA indicating that he was subject to removal. (See Dkt. 41-2, Exh. 1, NTA at ECF 246-48). The NTA ordered defendant to appear before an immigration judge ("IJ ") at 146 CCA Road, Lumpkin, GA 31815 at midnight on January 15, 2016, (id. at ECF 246), approximately 18 days before defendant received the NTA. (See id. at ECF 246-48). Additionally, the address listed on the NTA was different from the location of the immigration court at which defendant's hearing actually took place. (Id. at ECF 246; id., Exh. 2, Order of the Immigration Court ("Order") at ECF 250). It is undisputed that the address on the NTA was the incorrect address. (Dkt. 41, Motion at 9; see, generally, Dkt. 43, United States' Opposition to Defendant's Motion to Dismiss ("Opp.")). On February 23, 2016, defendant appeared at a removal hearing before an IJ at the immigration court in Atlanta, GA, after which the IJ ordered defendant removed from the United States. (See Dkt. 41-2, Exh. 2, Order at ECF 250).

Following his removal, defendant was found in the United States on March 8, 2019. (Dkt. 1, Criminal Complaint, Affidavit at 3). He was arrested on April 10, 2019, (Dkt. 9, Arrest Warrant), and charged with a violation of 8 U.S.C. § 1326. (Dkt. 22, Information).

## **LEGAL STANDARD**

"For a defendant to be convicted of illegal reentry under 8 U.S.C. § 1326, the Government must establish that the defendant left the United States under order of exclusion, deportation, or

removal, and then illegally reentered." United States v. Raya-Vaca, 771 F.3d 1195, 1201 (9th Cir. 2014) (internal quotation marks and citation omitted). "A defendant charged under § 1326 has a due process right to collaterally attack his removal order because the removal order serves as a predicate element of his conviction." Id. (internal quotation marks omitted). To demonstrate that a prior removal order was invalid, defendant must show: (1) exhaustion of "administrative remedies that may have been available [to him] to seek relief against the [prior removal] order; (2) the deportation proceedings at which the [removal] order was issued improperly deprived [him] of the opportunity for judicial review; and (3) that the entry of the [removal] order was fundamentally unfair." 8 U.S.C. § 1326(d); United States v. Pallares-Galan, 359 F.3d 1088, 1095 (9th Cir. 2004).

A removal order is considered "fundamentally unfair" if defendant shows his due process rights were violated by defects in the underlying deportation proceeding and that he suffered prejudice as a result of those defects. See Pallares-Galan, 359 F.3d at 1095. A violation of defendant's due process rights that renders the proceeding fundamentally unfair satisfies the exhaustion of administrative remedies and opportunity for judicial review prongs of 8 U.S.C. § 1326(d). See United States v. Ubaldo-Figueroa, 364 F.3d 1042, 1050 (9th Cir. 2004) (finding that the fundamentally unfair deportation proceeding "exempted [defendant] from the exhaustion bar" and also "deprived [defendant] of the opportunity for meaningful judicial review[.]"); United States v. Gomez, 757 F.3d 885, 892 (9th Cir. 2014) (finding the first two prongs of 8 U.S.C. § 1326(d) satisfied upon finding that "immigration officials in the underlying removal proceeding violated a regulation designed to protect an alien's right to judicial review.").

## DISCUSSION

The February 23, 2016 removal order serves as a predicate element of the charge against defendant. (See Dkt. 1, Criminal Complaint, Affidavit at 3). Defendant contends that removal order was invalid because the IJ lacked subject matter jurisdiction to issue it. (See Dkt. 41, Motion at 5-11). Defendant then argues that the invalidity of the underlying removal order meets the statutory requirements for collaterally attacking the removal order. (See id. at 5 & 11-12).

I.   WHETHER THE IMMIGRATION COURT LACKED JURISDICTION TO EFFECT DEFENDANT'S PRIOR REMOVAL.

Title 8 Code of Federal Regulations § 1003.14(a),[1] entitled "Jurisdiction and commencement of proceedings," states that "[j]urisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the immigration court by the [Immigration and Naturalization] Service."  A "charging document" includes "a Notice to Appear" as well as "a Notice of Referral to Immigration Judge[] and a Notice of Intention to Rescind and Request for Hearing by Alien."  Id. at § 1003.13.  Another regulation sets forth the required contents of the NTA.  See id. at § 1003.15(b)-(c).  Under § 1003.15(b), the NTA must include, among other requirements, "[t]he address of the Immigration Court where the Service will file the Order to Show Cause and Notice to Appear[.]"  Id. at § 1003.15(b).  The necessary contents of an NTA are also enumerated by statute.  See 8 U.S.C. § 1229(a) (requiring, among other things, the NTA to specify "[t]he time and place at which the proceedings will be held.")

In Karingithi v. Whitaker, 913 F.3d 1158 (9th Cir. 2019), the Ninth Circuit reasoned that because the statute, 8 U.S.C. § 1229(a), "is silent as to the jurisdiction of the Immigration Court," "[t]he regulatory definition [of Notice of Appear] . . . governs the Immigration Court's jurisdiction."  Id. at 1160; see Deocampo v. Barr, 766 F.Appx. 555, 557 (9th Cir. 2019) ("8 C.F.R. § 1003.15(b) details the specific information that an NTA must contain in order to properly vest jurisdiction in the IJ[.]").  The Karingithi court stated that the question of "whether the Immigration Court has jurisdiction over removal proceedings . . . is governed by federal immigration regulations, which provide that jurisdiction vests in the Immigration Court when a charging document, such as a notice to appear, is filed."  Id. at 1158.  At issue in Karingithi was the time and date requirement set forth in § 1003.18 which required that such information be included "where practicable."  See 913 F.3d at 1160.  The Ninth Circuit held that "[a] notice to appear need not include time and date information" to meet "the regulatory requirements and therefore vest[] jurisdiction in the IJ."  Id.

---

[1]   Unless otherwise noted, all section references are to Title 8 of the Code of Federal Regulations.

The Ninth Circuit reasoned that reading a time and date "requirement into the regulations would render meaningless their command that such information need only be included 'where practicable.'" Id. (citing 8 C.F.R. § 1003.18(b)).

Defendant argues that jurisdiction never vested with the immigration court because the NTA did not, as required by § 1003.15(b), include the correct "address of the Immigration Court" where the NTA would be filed. (See Dkt. 41, Motion at 9). As noted above, Karingithi requires the court to look to the regulations to determine when jurisdiction vests.[2] See 913 F.3d at 1159-60. Under the applicable regulations, "[j]urisdiction vests . . . when a charging document [such as a NTA] is filed." 8 C.F.R. §§ 1003.13 & 1003.14. A "notice to appear" "must . . . include" the information set forth in § 1003.15(b), which includes the "address of the Immigration Court." Id. at § 1003.15(b)(6). Thus, a notice to appear with the address for the wrong immigration court – such as the one at issue in this case – does not "satisf[y] the regulatory requirements," Karingithi, 913 F.3d at 1159, and cannot vest the immigration court with jurisdiction. See United States v. Gutierrez-Ramirez, 2019 WL 3346481, *4 (N.D. Cal. 2019). Other courts have reached the same conclusion and their reasoning is persuasive.[3] See, e.g., id.; United States v. Ceja-Melchor, 2020 WL 1701976, *3 (N.D. Cal. 2020) ("For the reasons outlined below, the Court agrees with Defendant that the Immigration Court lacked jurisdiction to issue the September 2017 removal order because of the defective NTA."); United States v. Ramos-Urias ("Ramos I"), 348 F.Supp.3d 1030, 1035 (N.D. Cal. 2019) ("[W]here there is no valid charging document – in other words, no

---

[2] The government argues that the regulations cannot limit the IJ's jurisdiction because the INA, from which immigration courts derive their power, "does not grant the Attorney General any authority to limit the jurisdiction of immigration courts." (Dkt. 43, Opp. at 6-7). But the Ninth Circuit's reasoning in Karingithi contradicts this argument. See 913 F.3d at 1160. In Karingithi, the Ninth Circuit expressly looks to the regulations, not the statute, to determine when jurisdiction vests in the IJ. Id. ("The regulatory definition, not the one set forth in [8 U.S.C.] § 1229(a), governs the Immigration Court's jurisdiction.").

[3] The court recognizes that other courts have reached a different conclusion. See, e.g., United States v. Medina, 2019 WL 4462701, *5-13 (C.D. Cal. 2019); United States v. Arteaga-Centeno, 2019 WL 3207849, *6-8 (N.D. Cal. 2019); United States v. Mendoza, 2019 WL 1586774, *2-3 (N.D. Cal. 2019). The court respectfully disagrees with those conclusions for the reasons discussed in this Order and for the reasons set forth in cases cited above.

'notice to appear' – the immigration judge lacks jurisdiction to conduct removal proceedings."); United States v. Ortiz, 347 F.Supp.3d 402, 406 (D.N.D. 2018) ("When there is no valid charging document, the Immigration Judge does not have jurisdiction to conduct removal proceedings."). Because the subject NTA in this case was defective, see supra at Background (noting that the NTA contained the address for the wrong immigration court as well as the wrong date and time for the hearing), the court finds that the IJ lacked jurisdiction to enter the underlying removal order.[4]

      The government argues that defendant's reliance on Karingithi is misplaced because that court did not consider "whether a failure to comply with the regulations would deprive an immigration judge of jurisdiction." (See Dkt. 43, Opp. at 8). This argument is unpersuasive. As many district courts in the Ninth Circuit have concluded, Karingithi stands for the proposition that the requirements in the regulations are jurisdictional, not merely claims-processing rules, as the government contends. See United States v. Suchite-Ramirez, 2019 WL 4396142, *2 (E.D. Wash. 2019) (holding that the government's argument that § 1003.15(b)(6) is a claims-processing rule "directly contradicts the Ninth Circuit's reasoning in Karingithi"); Gutierrez-Ramirez, 2019 WL 3346481, at *6 ("[I]t is clear that Karingithi contemplates that Section 1003.15 is jurisdictional."); United States v. Ramos-Urias, 2019 WL 1567526, *3 (N.D. Cal. 2019) ("Karingithi and Bermudez-Cota teach that satisfying the regulations, not the statute, is crucial to establish the Immigration

---

[4] The Ninth Circuit's recent decision in Fermin v. Barr, 958 F.3d 887 (9th Cir. 2020), does not alter the analysis. In Fermin, the Ninth Circuit concluded that jurisdiction vests in the immigration court, even where the NTA omitted time, date, and address information, so long as the "alien and the government [were provided] with the complete notice at a later time." Id. at 895. Here, the information in the NTA was so erroneous as to be misleading. (See Dkt. 41-2, Exh. 1, NTA at ECF 246-48; Dkt. 41, Motion at 2 ("The listed date [on the NTA] is 18 days before the Notice to Appear was served on Mr. Lopez-Macias. It also directed him to appear before the immigration judge at midnight.")). Moreover, the government did not introduce any evidence that the erroneous information in the NTA was subsequently remedied. (See, generally, Dkt. 43, Opp.). Indeed, defendant "never received any subsequent Notice of Hearing with a correct date, time, and place." (Dkt. 41, Motion at 2). Finally, even assuming the information in the subject NTA was correct, that would not change the result because the evidence is undisputed that defendant received the NTA 18 days after the hearing date set forth on the NTA. (See Dkt. 41-2, Exh. 1, NTA at ECF 246-48; Dkt. 41, Motion at 2).

Court's jurisdiction."); United States v. Rosas-Ramirez, 424 F.Supp.3d 758, 767 (N.D. Cal. 2019) ("Karingithi stands for the proposition that 8 C.F.R. § 1003.15(b) is jurisdictional in nature.").

The government's reliance on out-of-circuit authority to support its argument that § 1003.14(a) is merely a claims-processing rule, (see Dkt. 43, Opp. at 2 & 7), is unpersuasive as those cases are either distinguishable or conflict with the Ninth Circuit's decision in Karingithi.  For example, in Perez-Sanchez v. United States Attorney Gen., 935 F.3d 1148 (11th Cir. 2019), the Eleventh Circuit noted that it was not persuaded by the Ninth Circuit's decision in Karingithi that § 1003.14 sets forth a jurisdictional rule.  See id. at 1155 ("Many of our sister circuits have accepted the proposition that 8 C.F.R. § 1003.14 sets forth a jurisdictional rule. . . . We are not persuaded.") (citing Karingithi, 913 F.3d at 1160).  Similarly, United States v. Cortez, 930 F.3d 350 (4th Cir. 2019), specifically departed from Karingithi in determining that § 1003.14 is "something more like a docketing rule . . . establishing exactly what it takes properly to commence a case before [an immigration court]."  Id. at 362 (internal citations and quotation marks omitted).  Also, Pierre-Paul v. Barr, 930 F.3d 684 (5th Cir. 2019), concerned an NTA that lacked the time and date of the hearing, not a specifically enumerated requirement set forth in § 1003.15(b).[5]  See id. at 689-92.  In holding that § 1003.14 is a claims-processing rule, the Fifth Circuit did not cite or discuss the Karingithi Court's holding "that the regulations . . . define when jurisdiction vests." 913 F.3d at 1160; see generally, Pierre-Paul, 930 F.3d at 691-93.

II. WHETHER DEFENDANT MEETS THE STATUTORY REQUIREMENTS FOR COLLATERALLY ATTACKING HIS REMOVAL ORDER.

As noted earlier, to collaterally attack his prior removal order, defendant must show (1) exhaustion of administrative remedies; (2) that the proceeding at which the removal order was issued improperly deprived him of the opportunity for judicial review; and (3) that the entry of the removal order was fundamentally unfair.  The court addresses the last requirement first and concludes that defendant's due process rights were violated by the IJ's issuance of a removal

---

[5] Like Pierre-Paul, the Seventh Circuit's analysis did not concern the effect of an NTA that lacked the requirements of § 1003.15(b).  See Ortiz-Santiago v. Barr, 924 F.3d 956, 964 (7th Cir. 2019).

order without jurisdiction. See, e.g., Gutierrez-Ramirez, 2019 WL 3346481, at *8 ("Because the Immigration Court did not have jurisdiction to issue the removal order, Defendant's due process rights were violated."); Ramos I, 348 F.Supp.3d at 1037 (finding fundamental unfairness where the immigration court did not have jurisdiction).  Defendant's "appearance at the [removal proceeding] does not change th[e] result because the hearing [was] void for lack of jurisdiction and his opportunity to be heard was not a fair one." Gutierrez-Ramirez, 2019 WL 3346481, at *8 (internal quotation marks omitted).  As to the first two requirements, "[b]ecause Defendant has demonstrated that his removal was fundamentally unfair, he need not show exhaustion of administrative remedies or that he was denied judicial review[.]" Gutierrez-Ramirez, 2019 WL 3346481, at *8 (internal quotation marks omitted); see United States v. Rojas-Osorio, 381 F.Supp.3d 1216, 1233 (N.D. Cal. 2019) ("[T]he Ninth Circuit has found a defendant exempted from the exhaustion and judicial review requirements in § 1326(d) when the 'IJ did not inform him that he was eligible for relief from removal.'") (internal modification omitted); Martinez-Aguilar, 2019 WL 2562655, at *6 ("Therefore, because the Notice to Appear issued to Defendant was jurisdictionally deficient, the subsequent removal order which caused Defendant to be deported was invalid as issued without proper jurisdiction, and Defendant does not need to show that he was prejudiced by the lack of jurisdiction before the Immigration Court.").

In short, because there was no valid charging document vesting jurisdiction with the IJ, the government cannot sustain a charge of illegal reentry, and the information must be dismissed.

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT defendant's Motion to Dismiss Information Under 8 U.S.C. § 1326(d) **(Document No. 41)** is **granted**.  Judgment shall be entered accordingly.  Dated this 2nd day of June, 2020.

/s/
Fernando M. Olguin
United States District Judge